UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-04-43-B-W-01 |
| | ) | |
| CLIFTON DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S
## MOTION FOR MISJOINDER AND TO SEVER

On June 30, 2005, Defendant Clifton Davis filed a Second Motion for Misjoinder and to Sever his trial from that of co-defendant William Ahrendt. (Docket # 306). Mr. Davis had filed an earlier Motion to Sever on September 3, 2004, (Docket # 170), on the ground that there was no showing he was involved in a common scheme with Mr. Ahrendt. On January 6, 2005, Magistrate Judge Kravchuk denied the motion as to co-defendant Ahrendt. (Docket # 217). Mr. Davis's second motion states different grounds. He now contends that a trial with Mr. Ahrendt would be unduly prejudicial, because of what he terms Mr. Ahrendt's "bizarre behavior." *Def.'s Second Mot. for Misjoinder and to Sever* at 3.[1] The Government objects on a number of grounds: the conservation of judicial and prosecutorial resources, the need to avoid inconsistent verdicts, the absence of a strong showing of prejudice, and the availability of means by which any prejudice can be minimized or avoided. *Gov't's Response to Def.'s Second Mot. for Misjoinder and to Sever* (Docket # 318).

---

[1] Defendant's motion is captioned "Defendant Davis' Second Motion for Misjoinder and to Sever with Incorporated Memorandum of Law" and he initially cites Rules 8(b) and 14(a). However, Defendant does not argue the merits of the asserted misjoinder in the motion and asks only that the motion to sever be granted.

Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment…appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Fed. R. Crim. P. 14(a). The First Circuit has spoken on this issue. In *United States v. Flores-Rivera,* 56 F.3d 319, 325 (1st 1995), the Court wrote:

> As a rule, persons who are indicted together should be tried together. This practice helps both to prevent inconsistent verdicts and to conserve resources (judicial and prosecutorial). Thus, when multiple defendants are named in a single indictment, a defendant who seeks a separate trial can ordinarily succeed in obtaining one only by making a strong showing of evident prejudice. The hurdle is set intentionally high; recent Supreme Court precedent instructs that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

(quoting *United States v. O'Bryant,* 998 F.2d 21, 25 (1st Cir. 1993)(quoting *Zafiro v. United States,* 506 U.S. 534, 539 (1993)); *see also United States v. Deluca,* 137 F.3d 24, 36 (1st Cir. 1998). The Defendant is required to show that joinder would deprive them "of a fair trial, resulting in a miscarriage of justice." *United States v. Soto-Beniquez,* 356 F.3d 1, 29 (1st Cir. 2003); *United States v. Baltas,* 236 F.3d 27, 33 (1st Cir. 2001).

This Court is mindful of the First Circuit's admonitions; however, it has had the opportunity to assess Mr. Ahrendt and to read his steady flow of prolix correspondence. Based on its observations and knowledge, this Court concludes there is a significant risk Mr. Ahrendt's determination to present a defense consistent with his world view could affect the jury's ability to make "a reliable judgment" about Mr. Davis's guilt or innocence.

This Court, therefore, GRANTS Clifton Davis's Motion to Sever and DENIES his Motion for Misjoinder.

SO ORDERED.

                                                /s/ John A. Woodcock, Jr.
                                                JOHN A. WOODCOCK, JR.
                                                UNITED STATES DISTRICT JUDGE

Dated at Bangor, Maine this 5th day of August, 2005